UNDERWOOD et al. v. GERBER et al.

(*Circuit Court, E. D. New York.*    March 6, 1889.)

PATENTS FOR INVENTIONS—ACTIONS FOR INFRINGEMENT—AMENDMENT.

> In a suit to restrain the infringement of a patent, complainant was defeated because he sued on one only of two patents relating to the same invention. The evidence introduced would be necessary under a bill based on the omitted patent.    *Held,* that he should be permitted to amend by bringing in the other patent, and alleging its infringement, and that the case should be opened for taking additional testimony, but that relief should be granted only on condition that complainant give an undertaking to pay the expense of such additional testimony, including witness fees, mileage, master's or examiner's fees, and printing.

In Equity.

Motion for leave to amend and take further proofs.    The complainants in this case were defeated at final hearing because they declared only on one of the patents granted for their invention.    *Ante,* 682.    Thereupon complainants moved for leave to amend the bill by declaring also upon the other patent, and charging infringement thereof, and to re-open the case for the purpose of letting in such further evidence as may be necessary.

*James A. Hudson,* for complainants, cited:  *Neale* v. *Neales,* 9 Wall. 9; *Tremaine* v. *Hitchcock,* 23 Wall. 518; *Hamilton* v. *Gold Co.,* 23 Fed. Rep. 563; *U. S.* v. *Parrott,* McAll. 447; *Hardin* v. *Boyd,* 113 U. S. 761, 5 Sup. Ct. Rep. 771.

*Briesen, Steel & Knauth,* for defendants, cited, (in addition:)  *Shields* v. *Barrow,* 17 How. 144; *Battle* v. *Insurance Co.,* 10 Blatchf. 426; *Snead* v. *McCoull,* 12 How. 422; *Clifford* v. *Coleman,* 13 Blatchf. 210.

LACOMBE, J., (*after stating the facts as above.*)    The amendment asked for does not involve an entire change of the character of the action.    It is still a suit for the infringement of the same invention as that touching which the evidence already taken was introduced.    So much of that ev-

idence as was properly taken under the original bill would be necessary under the bill if amended as complainants pray. It would certainly be very unreasonable to require the parties at great additional expense to take it over again, after both patents are declared upon. No good reason is shown why the court, if it has the power, should not also allow the record to be supplemented by such additional testimony as may be rendered necessary in consequence of the amendment. An early disposition of the case upon its merits at the least possible expense, and, so far as appears. without doing injustice to either party, would be thus secured. The authorities cited by counsel show that the granting of the relief now asked for is a matter of discretion, and within the power of this court at this stage of the case. The complainants may amend their bill by the insertion of apt words so that the same shall declare on the omitted patent, (No. 348,072,) and also charge infringement of the invention therein set forth. Upon service of the amended bill defendants may amend their answer as they may be advised, or may plead or demur to the amended bill. Upon the raising of an issue as to the omitted patent the case is re-opened, and additional testimony pertinent to that issue may be taken before a master or examiner. This relief is granted only upon the complainants undertaking to pay the expenses of taking all such additional testimony, (whether introduced by complainants or defendants.) Such expense to include witness fees, mileages, master's or examiner's fees, and printing.